## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cr-00442-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| Deon Frederick Smith, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Deon Smith's Motion for Judgment of Acquittal Pursuant to Rule 29(c), or in the Alternative, to Dismiss Count 4 as Barred by Double Jeopardy (ECF No. 206), as well as Defendant's Motion for New Trial Pursuant to Rule 33 (ECF No. 205), which Defendant requests "in the alternative to Defendant Smith's Rule 29(c) motion for judgment of acquittal." Both motions were timely and are now fully briefed.

## I.     BACKGROUND

On January 28, 2014, a jury trial began for the criminal charges alleged against Defendant by the Government. (Mins. of Proceedings, ECF No. 189.) On January 31, 2014, the jury returned guilty verdicts for four counts of the Indictment: (1) Conspiracy; (2) Armed Bank Robbery; (3) Using and Carrying a Firearm in Relation to a Crime of Violence; and (4) Accessory After the Fact to Armed Bank Robbery. (ECF No. 201.)

## II.    LEGAL STANDARD

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "If the jury

has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

### III. **DISCUSSION**

Here, for the reasons stated by the Government in its briefs and at oral argument, the Court finds no good cause to grant Defendant's motions. The interest of justice does not require vacatur of the judgment, and the evidence is sufficient to sustain a conviction as to all counts for which the jury found Defendant guilty. Accordingly, the motions will be denied.

### IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c), or in the Alternative, to Dismiss Count 4 as Barred by Double Jeopardy (ECF No. 206), and Defendant's Motion for New Trial Pursuant to Rule 33 (ECF No. 205), are **DENIED**.

**DATED** this 16th day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court