# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,  )
                           )
               Plaintiff,  )        Case No.: 2:11-cr-442-GMN-GWF
                           )
       vs.                 )
                           )                  **ORDER**
DEON FREDERICK SMITH,      )
                           )
               Defendant.  )
_____)

Pending before the Court is Defendant Deon Smith's Motion for New Trial. (ECF No. 245).  The Government filed a Response, (ECF No. 247), to which Defendant replied, (ECF No. 248).  For the reasons set forth herein, the Motion will be **DENIED**.

## I.    BACKGROUND

The instant Motion follows a four-day jury trial in which Defendant was found guilty of one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371, 2113(a), and 2113(d); one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d); one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of being an accessory to armed bank robbery after the fact in violation of 18 U.S.C. §§ 3 and 2113(d). (Judgment, ECF No. 233).  Based on these counts, Defendant was sentenced to an aggregate term of incarceration of 252 months with five years of supervised release to follow. (*Id.*).

During the trial, Gregory Lewis, an inmate at the Nevada Southern Detention Center ("NSDC"), was called by the Government to testify.  Lewis testified that while he and Defendant were both inmates at NSDC, Defendant confessed to the robbery at issue, discussed intimate details of how the robbery was performed, and admitted to knowing, prior to the

robbery, that an alleged co-conspirator possessed a gun which he intended to use during the robbery. (Trial Transcript pp. 331-335, ECF No. 239). During cross-examination, Lewis denied that he had ever looked at any evidence Defendant obtained from the Government through discovery. (*Id.* at p. 356).

In its closing statement, the Government argued that Defendant's statements to Lewis constituted a "confession." (*Id.* at p. 540-41). To discredit Lewis' testimony, Defendant's counsel observed, during his closing statement, that Lewis may have secretly viewed Defendant's discovery evidence while in prison to gain knowledge about the details of the robbery in order to fabricate his account of Defendant's confession. (*Id.* at p. 554-55). However, Defendant did not present any evidence at trial directly supporting this claim.

In the instant Motion, Defendant asserts that, after trial, he recalled that he had given his discovery evidence to a porter while locked down at NSDC, who then passed the evidence onto Lewis. (Mot. 5:7-11, ECF No. 245). Defendant claims that he had been misled to believe that Lewis was a jailhouse lawyer. (*Id.* at 5:11-13). Defendant's counsel has since learned that the porter to whom Defendant allegedly gave the discovery evidence is named Tyrone Davis. However, Davis declined to speak to Defendant's counsel in connection with this case. (*Id.* at 5:18-22).

In the instant Motion, Defendant asserts that his post-trial recollection that he provided Lewis with his discovery evidence, along with the possibility that Davis could corroborate this account, demonstrates that Lewis' testimony regarding Defendant's confession was fabricated. (*Id.* at 6:4-6). Thus, Defendant argues that a new trial is warranted pursuant to Federal Rule of Criminal Procedure 33.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation omitted). Moreover, the defendant bears the burden of persuasion. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989).

"A defendant who seeks a new trial based on new or newly discovered evidence must show that (1) the evidence is newly discovered; (2) the failure to discover the evidence is not attributable to a lack of diligence by the defendant; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in an acquittal." *United States v. Waggoner*, 339 F.3d 915, 919 (9th Cir. 2003) (citing *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000)).

## III.    DISCUSSION

After reviewing the instant Motion, the Court finds that none of the evidence referred to by Defendant is "newly discovered." Because Defendant's account of sharing his discovery evidence with Lewis arose from his own recollection, this information was clearly available to Defendant before the trial occurred. Similarly, because Defendant knew that he had given the discovery evidence to a porter known as "Tee" but made no attempt to inquire further into his identity or call him as a witness at trial, the potential testimony of Tyrone Davis cannot be considered newly discovered. *See, e.g.*, *United States v. Del-Valle*, 566 F.3d 31, 38 (1st Cir. 2009) (holding that known, easily obtainable evidence cannot be considered "newly discovered" merely because a defendant did not think it to be material).

Furthermore, even if this evidence were actually "newly discovered," it still would not warrant a new trial, because the evidence merely impeaches Lewis' testimony. Defendant makes clear that, if given a new trial, he believes that Davis would testify to giving Lewis the discovery evidence, which would raise doubt regarding Lewis' account of Defendant's

confession.  However, it is apparent that this evidence would merely impeach Lewis' credibility

rather than independently support some aspect of the defense.  Accordingly, the Court finds

that because the evidence raised in Defendant's Motion would serve no purpose other than

impeachment, the Motion must be denied pursuant to the standard set forth in *Waggoner*. *See*

339 F.3d 915, 919 (9th Cir. 2003).

## IV.   <u>CONCLUSION</u>

    **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial, (ECF No. 245), is

**DENIED**.

    **IT IS FURTHER ORDERED** that Defendant's Motion to Expedite, (ECF No. 250), is

**DENIED as moot**.

    **DATED** this 7th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court