**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:11-cr-00442-GMN-GWF-2 |
| vs. | ) | |
| | ) | **ORDER** |
| DEON FREDERICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are the Motions for Extension of Time, (ECF Nos. 387, 391), filed by Defendant Deon Frederick Smith ("Defendant"). The Government filed a Response to Defendant's First Motion for Extension of Time, (ECF No. 388). Defendant did not file a reply.

Also pending before the Court are Defendant's Motions for Leave to File Amendment, (ECF Nos. 389, 394), and for a Certificate of Appealability, (ECF No. 396). The Government filed a Response to the Second Motion for Leave to File Amendment and to the Motion for a Certificate of Appealability, (ECF No. 397). Defendant did not file a reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motions.

Defendant's Motions arise from the Court's Order denying Defendant's 2255 Petition. (*See* Order, ECF No. 379). In the Order, the Court denied all of Defendant's claims to relief but provided Defendant a limited opportunity to amend his Petition with respect to his argument that the Court improperly admitted evidence at trial under Federal Rule of Evidence 404(b). (*Id.* 8:9–18). The Order provided Defendant twenty-one (21) days to amend his Petition, which elapsed following September 8, 2020. Defendant now seeks to add new claims to his 2255 Petition, amend his Petition's Rule 404(b) claim, and appeal the Court's denial of his Petition. The Court's below discussion addresses the merits of each Motion.

## I.     First Motion to Extend Time

In his First Motion to Extend Time, (ECF No. 387), Defendant asks for "a [sic] extension of time to proceed on this case and to file claims on the merits[.]" (First Mot. Ext. at 1).  Defendant seeks to assert claims to relief based on allegedly erroneous jury instructions. (*Id.* at 1–2).  In effect, the Motion seeks to file a successive 2255 Petition, which Defendant must have permission from the Ninth Circuit to file. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).  Given that Defendant has not received the required permission, his First Motion to Extend Time is denied.

## II.    Motions for Leave to File Amendment

Defendant seeks leave to file a late amendment to his 2255 Petition regarding his argument that the Court improperly admitted evidence of his prior convictions under Federal Rule of Evidence 404(b).[1] (*See* Mots. Leave Am. 389, 394).  In its previous Order, the Court noted that the admission of Defendant's prior convictions was not in error because, as the evidence was probative of the lesser included offense of accessory after the fact, the convictions were necessarily probative of the greater included offense of armed bank robbery. (Order 7:6–13, ECF No. 379).  However, the Court granted Defendant the opportunity to amend the claim because the Government would not be prejudiced by allowing an amendment. (*Id.* 8:9–18).

In his Motions' proposed amendments, Defendant provides no new arguments that would provide a basis for the Court to depart from its previous conclusion; instead, Defendant renews the arguments already provided in his 2255 Motion. (*Compare* Mots. Am., ECF Nos. 389, 394); (*with* 2255 Mot. at 3, ECF No. 336).  Additionally, given that Defendant has raised

---

[1] Evidence of Defendant's prior convictions were admitted at trial, which Defendant contends was improper in light of the Ninth Circuit having vacated his conviction for accessory after the fact but otherwise affirming the convictions for criminal conspiracy, armed bank robbery, and using and carrying a firearm.(*See* Order 2:11–17, 6:16–13, 7:10–18, ECF No. 379).

1    these precise arguments before the Ninth Circuit, this Court cannot reconsider the arguments at

2    present. *See Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this

3    point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a

4    petition under § 2255."); *see also United States v. Smith*, 650 F. App'x 458, 459–460 (9th Cir.

5    2016) (considering the admissibility of evidence under Rule 404(b) with respect to the bank

6    robbery count in order to show knowledge).  Therefore, the Court denies Defendant's Motions

7    to Amend.

8    **III.    Second Motion for Leave to File; Motion for Certificate of Appealability**

9        In his Second Motion to Extend Time, (ECF No. 391), Defendant requests an extension

10   of time to file a Notice of Appeal regarding the Court's Order denying his 2255 Motion.  The

11   Court groups its discussion of the Second Motion to Extend Time with the Motion for

12   Certificate of Appealability, (ECF No. 396), because, in order to proceed with an appeal, a

13   2255 petitioner must receive a certificate of appealability from the district court. 28 U.S.C. §

14   2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–951 (9th

15   Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001).  Generally,

16   a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant

17   a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

18   483–84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

19   court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529

20   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of

21   demonstrating that the issues are debatable among jurists of reason; that a court could resolve

22   the issues differently; or that the questions are adequate to deserve encouragement to proceed

23   further. *Id.*

24       Here, Defendant has not met his burden to receive a certificate of appealability.  His

25   Motion requests a certificate of appealability, but he does not explain why the Court may grant

the request. (*See* Mot. Certificate Appealability at 1, ECF No. 396).  The Motion does not consider how the issues raised in his 2255 Motion are debatable, whether other courts may resolve the issues differently, or if there are substantial questions regarding the merits of his arguments.  Therefore, the Court denies Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Extension of Time to Proceed, (ECF No. 387), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Late Amendment, (ECF No. 389), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Extend Time to File Appeal, (ECF No. 391), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Late Amendment, (ECF No. 394), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Certificate of Appealability, (ECF No. 396), is **DENIED**.

Dated this  1   day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT